53 CCPA

**Application of Leo D. MILLER.**
**Patent Appeal No. 7608.**

United States Court of Customs
and Patent Appeals.
May 12, 1966.

Smith, J., dissented.

———◇———

Arthur A. March, New York City, for appellant.

Joseph Schimmel, Washington, D. C. (Fred W. Sherling, Washington, D. C., of counsel), for Commissioner of Patents.

Before RICH, Acting Chief Judge, MARTIN, SMITH and ALMOND, Judges, and Judge WILLIAM H. KIRKPATRICK.*

ALMOND, Judge.

Leo D. Miller appeals from a decision of the Patent Office Board of Appeals affirming the rejection of claim 18 in his application entitled "Soot Remover."[1]

Appellant's invention relates to a soot-removing composition comprising a liquefied propellant gas having dispersed therein copper and/or lead salts of combustible organic aliphatic carboxylic acids. The composition is applied to the surface of a layer of soot as a finely-divided spray, the volatile portion of which evaporates from the soot surface so treated, leaving a deposit of said copper and/or lead salts. This deposit, when ignited by application of a flame to a portion of the treated soot surface, catalyzes the combustion of the soot by oxygen so that soot is removed at temperatures significantly lower than those necessary for combustion in the absence of the catalyst. Efficient soot removal at the temperatures normally encountered in commercial and home heating units is thus effected.

Claim 18 reads:

18. A package for use in removing soot from surfaces in oil burning equipment, which package consists of a sealed container of the aerosol-bomb type having a spring-valve-controlled dispensing orifice capable of enabling a dispersible liquid organic composition to be propelled out of it along with the release of liquefied halogenated propellant gas confined in the container, and enclosed under pressure of said propellant within the container an organic composition comprising at least one liquefied fluorocarbon propellant having a boiling point under sixteen degrees centigrade at atmospheric pressure and at least one salt of a combustible organic aliphatic carboxylic acid having between 8–22 carbon atoms of a heavy metal selected from the group consisting of copper and lead which, when in the finely divided form as free metal and as its oxide, catalyzes the combustion of carbon with oxygen, said heavy metal being a multivalence element whose boiling point is above 1000°F. and whose electromotive force is between plus 0.13 to minus 0.50, and a discharge conduit passing from about the bottom of the interior of the container through its

---

* United States Senior District Judge for the Eastern District of Pennsylvania, designated to participate in place of Chief Judge WORLEY, pursuant to provisions of Section 294(d), Title 28, United States Code.

1. Serial No. 47,027 filed August 2, 1960.

content of the composition and communicating with the orifice, whereby upon operating the valve and opening the orifice an atomized spray of the liquid organic composition with the liquefied propellant gas admixed in it is vigorously discharged from the orifice and propelled strongly away from it so that the spray can be directed toward and on the soot deposit.

The propellants utilized are the commonly known liquefiable lower fluoroalkanes and lower fluoroalkenes including those containing one or more other halogen atoms such as chlorine or bromine, e. g., chlorotrifluoroethylene. Particularly effective are the fluoromethanes and fluoroethanes. In one example, it is shown that the combination of a 50–50 mixture of trichlorofluoromethane and dichlorodifluoromethane and 10% by weight of lead resinate depressed the ignition temperature of virgin soot (ignition temp. 995°F.) 250°F. while the ingredients used singly depressed the ignition temperature 100°F. and 160°F., respectively. Appellant urges that the combination of propellant and metal salt provides a synergistic effect.

The issue is whether appellant's invention is obvious under 35 U.S.C. § 103 in view of the following prior art:

| | | |
|---|---|---|
| Adams et al. (Adams) | 2,141,848 | December 27, 1938 |
| Johnson | 2,622,671 | December 23, 1952 |
| Barth | 2,639,213 | May 19, 1953 |
| Spitzer et al. (Spitzer) | 2,655,480 | October 13, 1953 |
| Eaton | 2,728,495 | December 27, 1955 |
| Anderson et al. (Anderson) | 2,890,946 | June 16, 1959 |

The examiner in his answer framed the rejection as lacking invention over the combination of Adams, Johnson, and Anderson in view of Barth. Spitzer and Eaton were considered by the examiner as references establishing well known prior art. The parties have treated the rejection as based on 35 U.S.C. § 103, and we will do likewise.

Adams relates to soot removers adapted for use in oil burning furnaces. Adams discloses the use of certain metallic derivatives such as copper, calcium, lead, and zinc derivatives of oil-soluble petroleum acids, particularly the oil-soluble sulfonic and naphthenic acids, in combination with a chlorinated organic compound such as ethylene chloride, paradichlorobenzene, chlorinated wax and the like as an effective composition in removing and/or preventing soot deposits. According to Adams,

> The desirable results obtained are attributed to the conversion of the metallic naphthenates or sulfonates to metallic chlorides upon the burning of the fuel oil and the deposition of the latter on the soot formations whereby the ignition temperature of the same is materially lowered.

Adams' compositions are added to the fuel oil and are volatilized by the heat of combustion and deposited upon the soot formation. The soot is then burned at a reduced temperature.

In referring to the prior art, Adams states:

> It is common practice in coal burning furnaces to periodically apply soot removers to the coal bed for the purpose of removing soot deposits in the furnace, flue pipes, chimney, etc. When applied to the hot coal bed the soot remover is volatilized and when deposited upon the soot formations, lowers the ignition temperature of the latter thereby facilitating the burning thereof. The known soot removers are

substantially all inorganic compounds insoluble in oil or organic solvents. For this reason, in oil burning heaters soot removal is generally effected by spraying an aqueous solution of the soot remover on the soot deposit, and with a hot fire in the heater burn off the soot. This method is not entirely satisfactory since it requires added labor and time. Furthermore, soot deposits are frequently inaccessible for spraying.

Johnson relates to soot removers in an oil-soluble liquid form which may be sprayed into the furnace when using coal or blast furnace gas as fuel, added to the coal before burning, or may be added directly to fuel oil. The soot removers employed are copper salts of branch chain aliphatic carboxylic acids of 5 to 12 carbon atoms in which the carboxyl group is attached to a carbon atom other than the central carbon atom in the longest hydrocarbon chain. Johnson also teaches the use of chlorinated organic compounds in conjunction with the copper salts, the reference stating:

> The chlorinated organic compound, e. g., orthodichlorobenzene provides a source of chlorine in the concentrate, it being well recognized that various types of chlorinated organic compounds can be used in soot remover compositions to provide chlorine which apparently reacts in some manner with the metallic copper to reduce soot formation by lowering the ignition temperature of soot deposits. Other examples of chlorinated organic compounds are ethylene chloride, paradichlorobenzene and chlorinated wax.

Anderson discloses a soot remover composition containing a copper salt, such as copper octoate, and a halogen substituted phenal, such as pentachlorophenol, in combination with an ether of a polyol, which composition is generally added to fuel oil. Also disclosed is a method for testing the soot removing compositions wherein such compositions, in the form of an oil solution, are sprayed onto a sooted surface by means of an atomizer.

Barth discloses a metallic salt such as zinc stearate which may be applied in a fine mist from a valved container utilizing a fluoromethane or fluoroethane as the liquefied gas propellant, the zinc stearate being a parting agent to be applied to the surface of a mold. Spitzer and Eaton show conventional valved aerosol containers in which a fluoromethane or fluoroethane is utilized as the propellant. Barth, Spitzer, and Eaton are not concerned with soot removal.

It was the examiner's view that the primary references, Adams, Johnson, and Anderson, show that it is old in the soot removing art to employ, as a catalyst for soot removal, a mixture of a copper or lead salt of an aliphatic carboxylic acid and a halogenated organic compound. The references further disclose that the mixture lowers the ignition temperature of soot deposits to a greater degree than does the salt alone. Adams and Anderson were also noted for their teaching that soot removers may be sprayed onto the soot deposits. Barth was relied on for the teaching that a halogenated compound may be employed as a propellant for a metal salt of an aliphatic carboxylic agent in an aerosol preparation. To appellant's contentions (1) that while the claimed salts are old there is nothing in the primary references to indicate their use in the claimed package, and (2) that Barth was nonanalogous art, the examiner replied:

> This argument overlooks the teachings in the primary references of using said salts with halogenated organic compounds and of spraying a soot remover onto soot and the teaching of Barth that heavy metal salts may be packaged in an aerosol package containing the claimed propellants. Appellant's argument that Barth is from a nonanalogous art is not well taken since both Barth and the primary references discuss the spraying of a metal salt-containing composition and it is well established that if the elements and purposes in one art are related and similar to those in

another art to such an extent as to make an appeal to the mind of the skilled artisan, the two arts are deemed analogous. * * *

We agree with the examiner's construction of the prior art, which was concurred in by the board. . The prior art discloses appellant's metal salts. Adams, Johnson, and Anderson further disclose mixtures of such salts with chlorinated organic compounds closely analogous to appellant's fluorocarbons. Such mixtures act to depress the ignition temperature of soot below that resulting from the use of the individual components. While appellant contends that a synergistic effect results from the use of his mixture, this is not supported by his data which show the effect of the mixture on the ignition temperature of soot to be less than additive.

Adams discloses that ethylene chloride ($C_2H_4Cl_2$) is a suitable chlorinated organic compound and such a compound is structurally quite close to appellant's fluorocarbons such as monofluoroethane ($C_2H_5F$). The prior art clearly shows that it is the halogen atom in such organic compounds which is the active moiety in depressing the ignition temperature of soot. Appellant has cited no reason why the use of a fluorinated hydrocarbon as opposed to a chlorinated hydrocarbon should be accorded weight in the determination of the obviousness of his invention.

While it is true that the inventions disclosed by the primary references relate to the addition of soot removers to the fuel rather than to the soot deposits, Anderson and Adams disclose the latter technique as well. While Barth does not relate directly to the soot removal art, its teaching of the metal salt zinc stearate with a fluorocarbon as a propellant in an aerosol preparation is believed pertinent as a suggestion of a form in which to utilize the metal salt-halogenated organic compound mixture disclosed by the prior art, in view of the further teaching that soot removers may be sprayed onto the soot deposit.

Our evaluation of the references leads us to the conclusion that the subject matter sought to be patented is obvious under 35 U.S.C. § 103.

The board's decision is affirmed.

Affirmed.

SMITH, Judge (dissenting).

The issue here arises under 35 U.S.C. § 103. We are required to evaluate the claimed subject matter as a whole against the prior art references of record.

Three of the four references relied on in the rejection are concerned with soot removal. (Adams, Johnson, and Anderson). As the majority points out, each of these references advocates adding the soot removal composition to the fuel as the operative method of depositing the composition on the soot. Also, two of these references state that soot removers may be "sprayed" onto the soot deposits. Adams alleges that "spraying" is an inferior method without disclosing any compositions which may be sprayed and Anderson's reference to spraying involves a carefully controlled test to measure the ignition temperature of the soot.

Appellant, after a detailed analysis, summarizes the teachings of these three references as follows:

* * * The Anderson patent discloses a composition which if sprayed is toxic and explosive. The Adams patent presents a composition which if sprayed would be explosive and poisonous. The Johnson patent discloses a composition which if sprayed would be explosive and toxic. * * *

Appellant also alleges that certain drawbacks are present in adding soot removal additives to the fuel as taught by the prior art, particularly the settling out of the additives, the gumming of fuel jets, the inconvenience of adding the compositions to the fuel, and the highly inefficient method of depositing the compositions throughout the burner chamber instead of only on the soot deposits.

248

The referencees other than Anderson which were relied on by the board are not concerned with soot removal. Barth, as the majority notes, concerns parting agents for mold surfaces and teaches as propellants those disclosed by appellant as being "particularly effective." Appellant distinguishes the claimed subject matter over any combination of references from the soot removal art and the mold separating agent art as follows:

No single patent of the prior art nor any combination thereof suggests the Appellant's invention which covers a liquified halogenated propellant and a salt of only copper or lead *in a spray container for safe, effective, non-toxic soot removal in oil burning equipment.* [Emphasis added.]

In evaluating the teachings of the prior art as of the time prior to appellant's invention, I am unable to find that the claimed subject matter was obvious under the reasoning of either the Patent Office or the majority. It seems to me there is a fundamental error in the reasoning of the Patent Office and the majority in that both appear to draw the teachings of the invention as a whole from appellant's disclosure and then to use this as a "check list," so to speak, from which to pick the salts from one reference and from others the propellants, the container, and the method of application (which appellant admits are individually old in the art) and this is done, it seems to me, without regard to what the references fairly taught the art prior to appellant's disclosures.

It seems to me, therefore, that the subject matter claimed by appellant has not been fairly evaluated "as a whole" by the majority. Appellant's invention provides a convenient, safe and highly efficient package for soot removal materials which operates in a manner novel in this art to facilitate the removal of localized soot formations. This invention seems to me to be obvious only by a hindsight selection of individual elements from the prior art. I therefore dissent from the majority's decision.